UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BENJAMIN PUGA CARRILLO,<br>Petitioner,<br>v.<br>WILLIAM MUNIZ,<br>Respondent. | Case No. 16-cv-00565-NJV<br><br>ORDER FOR RESPONDENT TO SHOW CAUSE |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel. Petitioner was convicted in Monterey County, which is in this district. Venue is therefore proper. See 28 U.S.C. § 2241(d). Petitioner has consented to the jurisdiction of a Magistrate Judge. (Doc. 4.)

**BACKGROUND**

On May 10, 2011, a jury found petitioner guilty of first degree murder and shooting at an inhabited vehicle. He was sentenced to fifty years to life in prison. *Id*. His direct appeal was denied as were several state habeas petitions.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

B. Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court's jury instructions impermissibly directed the jury to consider the gang evidence when deciding the issue of the driver's identity, in violation of petitioner's rights to due process, a fair trial and effective assistance of counsel; (2) the trial court's jury instructions allowed the jury to find petitioner guilty on proof less than beyond a reasonable doubt; (3) petitioner received ineffective assistance from trial counsel.  Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

1  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
2  Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the
3  date this order is entered. If a motion is filed, petitioner shall file with the court and serve
4  on respondent an opposition or statement of non-opposition within twenty-eight (28) days of
5  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
6  within fourteen (14) days of receipt of any opposition.

**IT IS SO ORDERED**.

Dated:  May 18, 2016

NANDOR J. VADAS
United States Magistrate Judge